IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jerry A. Dix, ) | |
| ) | Civil Action No. 9:10-2626-TLW |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff has brought this action to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security, denying his claims for Disability Insurance Benefits. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). In the Report, the Magistrate Judge recommends that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g), and the case be remanded to the Commissioner for further administrative action as outlined in the Report. The Report was filed on October 4, 2011. The Commissioner filed objections on October 20, 2011, and also filed a notice of supplemental authority on December 12, 2011. This matter is ripe for review.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However,

1

> the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. In his initial objections, defendant asserts that (1) the Report improperly reviewed a non-final decision; (2) the Report improperly relies on inapposite case law; and (3) that Dr. Nelson's opinion was cumulative of evidence in the record and already considered by the ALJ, such that it was immaterial and would not require a remand. Defendant also asked that this case be held in abeyance pending the Fourth Circuit's decision in Meyer v.Astrue, which involved the question of whether the Appeals Council must articulate reasons for a denial of review. The Fourth Circuit decided Meyer v. Astrue on December 2, 2011. Meyer v. Astrue, 662 F.3d 700 (4th Cir.). Thereafter Defendant filed a notice of supplemental authority and asserts that remand in this case is improper in light of the decision in Meyer.

In the pending Report and Recommendation, the Magistrate Judge recommends a remand based primarily on the Appeals Council's failure to articulate a reason for denying review of the ALJ's decision. The pending report analyzes this issue in great detail. In Meyer v. Astrue, decided after the Magistrate Judge filed his Report, the Fourth Circuit held that the Appeals Council is not required to articulate its rationale for denying a request for review. Id. at 707. The Fourth Circuit then stated when the Appeals Council receives additional evidence and denies review, the issue for the court is whether the ALJ's decision is supported by substantial evidence. Id. Further, the court held

that when the evidence is one-sided, the court may be able to determine whether substantial evidence supports the ALJ's decision. Id. In Meyer, however, the court held it could not determine whether substantial evidence supported the ALJ's decision and thus remanded the case to the Commissioner for a rehearing. Id.

In this case, the Magistrate Judge's recommendation, filed prior to Meyer, is primarily based upon his conclusion that the Appeals Council should have articulated a reason for denying review. In light of that conclusion, the Magistrate Judge did not analyze whether substantial evidence in the record supports the ALJ's decision. In light of Meyer, the matter is remanded to the Magistrate Judge for further analysis as to whether remand is still recommended.

For the foregoing reasons, the court chooses not to adopt the Report and Recommendation and instead **REMANDS** this action to the Magistrate Judge for further analysis consistent with this order and the issuance of a new Report and Recommendation in light of Meyer.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
January 31, 2012                             UNITED STATES DISTRICT JUDGE
Florence, SC