IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Jerry A. Dix, )
 )  Civil Action No. 9:10-2626-TLW
         Plaintiff, )
 )  **ORDER**
vs. )
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
         Defendant. )
_____)

      Plaintiff has brought this action to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security, denying his claims for Disability Insurance Benefits. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). In the Report, the Magistrate Judge recommends that the Commissioner's decision be reversed and that this case be remanded to the Commissioner for further administrative action and rehearing pursuant to sentence four of 42 U.S.C. § 405(g). The Report was filed on February 7, 2012.[1] The Commissioner filed objections on February 23, 2012. This matter is ripe for review.

      In conducting this review, the Court applies the following standard:

---

[1] This is actually a supplemental Report and Recommendation submitted for review after remand by this Court. An initial Report and Recommendation was filed on October 4, 2011. Subsequently, the Fourth Circuit issued a decision in Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), relevant to the specific issues in this case. Accordingly, the Court remanded the case to the Magistrate Judge for consideration of Plaintiff's claim anew in light of the Meyer decision. The instant Report and Recommendation was issued pursuant to that remand.

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. This Court has carefully considered all of the Defendant's objections and finds them to be without sufficient merit.

Specifically, the Court finds it appropriate to address the Meyer decision. Although, the Meyer Court notes that the "the regulatory scheme does not require the Appeals Council to articulate any findings when it considers new evidence and denies review," the Court continues on to indicate that it is "certainly mindful that 'an express analysis of the Appeals Council's determination would [be] helpful for purposes of judicial review.'" In its discussion, the Meyer Court found that in light of the weight afforded the opinion of a treating physician, see 20 C.F.R. § 404.1527(d)(2), analysis from the Appeals Council or remand to the ALJ for such analysis would be particularly helpful when the new evidence constitutes the only record evidence as to the opinion of the treating physician. The Court noted that the lack of such additional fact finding does not render judicial review "impossible"—as long as the record provides "an adequate explanation of [the Commissioner's] decision." The Court indicated that it has affirmed an ALJ's denial of benefits after reviewing new

evidence presented to the Appeals Council because it concluded that substantial evidence supported the ALJ's findings. Id. citing Smith v. Chater, 99 F.3d 635, 638–39 (4th Cir.1996). Conversely, it also indicated that when consideration of the record as a whole revealed that new evidence from a treating physician was not controverted by other evidence in the record, it has reversed the ALJ's decision and held that the ALJ's denial of benefits was "not supported by substantial evidence." Id. citing Wilkins v. Secretary, Dept. Of Health and Human Services, 953 F.2d 93 (4th Cir. 1991). The Meyer Court concluded that on consideration of the record as a whole, it simply could not determine whether substantial evidence supports the ALJ's denial of benefits. In so concluding the Meyer Court noted:

> The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

After consideration of the record in the case at bar as a whole, this Court reaches a similar conclusion that it is unable to determine whether substantial evidence supports the ALJ's denial of benefits. The Court notes, as summarized in the initial Report, on June 23, 2009, Dr. Nelson issued a progress note in which she stated that she was Plaintiff's treating physician, that Plaintiff suffers from PTSD and is on psychotropic medication to help control his symptoms, and that Plaintiff "was unable to work outside his home in the past due to very low frustrations tolerance, and ability to think clearly with any stress or chaos, being easily overwhelmed, inability to be in small cramped

3

spaces, and difficulty getting along with other people to include having anger outbursts." Dr. Nelson concluded by stating that she was "not certain what type of job and/or work environment would not aggravate [Plaintiff's] mental condition." This evidence was never presented to the ALJ. This new and material evidence was submitted to the Appeals Council, which summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to this new evidence from a treating physician with an opinion about the severity of Plaintiff's condition. The Court concludes that, as recommended in the Report, and on the facts of this particular case, remand is appropriate in order to have fact finding relevant to this evidence.

After a thorough review of the record, the Report, and the Defendant's objections in accordance with the standard set forth above, and for the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 19), Defendant's objections are **OVERRULED** (Doc. # 21), and the Commissioner's decision is **REVERSED** under sentence four of 42 U.S.C. § 405(g) and this case is **REMANDED** to the Commissioner for further administrative action as outlined in the Report.

    **IT IS SO ORDERED**.

s/ Terry L. Wooten  
TERRY L. WOOTEN  
UNITED STATES DISTRICT JUDGE

March 2, 2012  
Florence, SC